Nicholson, C. J.,
delivered the opinion of the Court.
*353 The demurrer to the- supplemental hill in this case raised the question, whether, when the insolvency of an estate is suggested by the administrator, in the County Court, and it becomes necessary to sell real estate, the County Court has jurisdiction beyond the amount of three thousand dollars.
The determination of this question depends upon the proper construction of sections 2327 and 4201 of the Code. v
In the arrangement of subjects in the Code, Book 2, Title 3, C. 3, Article 18 is devoted to the “ administration of insolvent estates in the County Court.” By section 2328, when any executor or administrator ascertains that the estate committed to his charge is insolvent, he shall make suggestion thereof to the Clerk of the County Court. The estate committed, to the charge of an administrator or executor is thus defined: “ All those goods and chatties, actions and commodities, which were of the deceased in right of action or possession as his own, and so continued to the time of his death:” 2 Wms. Exrs., 1495; Touchst., 496.
By section • 2326 insolvent estates of deceased persons shall be divided among the creditors rata-bly.
It follows, that when an executor or ’ administrator suggests the insolvency of an estate, the legal import of the act is, that he has ascertained that the assets, as before defined, are not sufficient *354 to satisfy all of its debts, and, therefore, that the estate is to be divided ratably among the creditors.
By section 2327, “to carry this principle into execution, exclusive jurisdiction is conferred on the County Court of the administration of all insolvent estates, not exceeding the value of one thousand dollars, and concurrent jurisdiction with the Chancery Court of all other estates.”
The meaning of this section is, that when the value of the assets committed to the charge of an executor or administrator does not exceed one thousand dollars, and the insolvency of the estate is suggested, the jurisdiction of the County Court is exclusive — and when the value of the assets so committed to his charge exceeds one thousand dollars, the jurisdiction of the County and Chancery Courts is concurrent. The words “insolvent estate” in this section have reference to the assets which are by law committed to the- charge of the executor or administrator, and not to the real estsfte which is not committed to his charge, except as provided in sections 2337 and 2338.
After the claims of creditors have been adjudicated by the Clerk, he makes an order on the executor or administrator to .return a schedule of all the available funds, choses in action and other effects, including the real estate.
When the schedule is returned, and includes real estate, the same may then be sold on the petition of the executor or administrator, but the *355 jtirisdictioxi of the County Court in ordering the sale is not limited to any amount.
The question now presents itself, whether the provision of section 4201 is in conflict with section 2327, as we have construed it? Section 4201 is arranged in the Code under the title of “the jurisdiction, powers, and duties of the County Court.” It says: “The County Court has original jurisdiction in the following cases:” In the enumeration of the cases is the following:
“ 6. The .settlement of insolvent estates, and for this purpose to sell real or personal property belonging thereto, at the instance of the personal representatives, or the creditors, when the amount of the estate does not exceed three thousand dollars.”
This provision must he construed in connection with section 2327, and if there is apparent conflict, it is our duty so to construe them, if possible without doing violence to the language used, as to make them harmonize. If we place the same construction upon the words “amount of the estate,” used in section 4201, which we have already placed on the words “insolvent estate of the value of one thousand dollars,” used in section 2327, then section 4201, sub-section 6, would read: “The settlement of insolvent estates; and for this purpose to sell real or personal property belonging thereto, at the instance of the personal representative, or the creditors, where the amount of the assets committed by law to the charge of the executor or administrator does not exceed three thousand dollars.”
*356 The meaning of the section under this construction is, that the County Court has original jurisdiction in .the settlement of insolvent estates, to sell real or personal property, whenever the amount of the assets, which were committed hy law to the charge of the personal representative, does not exceed three thousand dollars.
If we adopt this construction of the two sections there is no real conflict between them. The result would be, that in the settlement of insolvent estates the County Court has exclusive original jurisdiction, whenever the assets properly coming to the administi’ator or executor to he administered, not including real estate, does not exceed one thousand dollars in value.
Where the assets so received, exclusive of real estate, exceed the value of one thousand dollars, the County Court and Chancery Court have concurrent jurisdiction.
When it becomes necessary in the settlement of an insolvent estate to sell real or personal property, the County Court has jurisdiction to make such sale, whenever the amount of the assets received by the personal representative, exclusive of real estate, does not exceed three thousand dollars. IJp to that point the County and Chancery Courts would have concurrent jurisdiction. Above that amount of assets, exclusive of real estate, the jurisdiction of the Chancery Court would he exclusive.
Holding, as we do, that this is the proper con *357 struction of the two sections of the Code under consideration, the demurrer ought to have been sustained. The County Court had the jurisdiction to sell- the land mentioned in the pleadings, and the purchaser got a good title.
The decree of the Chancellor will be reversed, the original and amended hills dismissed, and a judgment rendered against complainant and his securities in the injunction bond for the amount of the judgment enjoined, and interest, together with the costs of this Court and the Court below.